

**Dated: January 24th, 2024**

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT HUNTINGTON

| | |
|---|---|
| IN RE:<br><br>MARSELLEEN LYNNE HOPKINS,<br><br>Debtor. | CASE NO. 3:22-bk-30260<br><br>CHAPTER 13<br><br>JUDGE B. MCKAY MIGNAULT |
| MARSELLEEN LYNN HOPKINS<br><br>Plaintiff,<br><br>v.<br><br>21ST MORTGAGE CORPORATION,<br><br>Defendant. | ADVERSARY PROCEEDING<br>NO. 3:23-ap-03000 |

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

---

On October 25, 2023 at 3:00 p.m., the Court held a hearing (the "Hearing") regarding Plaintiff's *Motion for Summary Judgment* [dkt. 22] (the "Motion"); Defendant *21st Mortgage Corporation's Response to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment* [dkt. 28] and its memorandum in support thereof [dkt. 29] (collectively, the "Cross Motion"); and *Plaintiff's Response in Opposition to Defendant's Cross-Motion for Summary Judgment* [dkt. 36] (the "Response"). Plaintiff Marselleen Lynn Hopkins contends that

an executory contract is memorialized within an agreed order entered by the Circuit Court of Putnam County, West Virginia, which can be assumed and cured in her underlying bankruptcy case. 21st Mortgage Corporation ("21st Mortgage" or "Defendant") asserts that the agreement cannot be assumed because (1) Ms. Hopkins has no interest in the real property, (2) the agreement violates the statue of frauds, and (3) Ms. Hopkins materially breached the agreement prepetition and, therefore, the executory contract is unenforceable.

After reviewing the parties' written submissions and receiving oral argument, this Court concludes that Ms. Hopkins is entitled to summary judgment.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

1. The facts relating to this matter are undisputed.

2. On October 28, 2022, Marselleen Lynne Hopkins (the "Debtor" or "Plaintiff") sought relief pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

3. Prior to the bankruptcy case, on July 26, 2000, Ms. Hopkins executed a Promissory Note payable to First Consolidated Mortgage Company in the original principal amount of $128,000.00 for property located at 131 Barrington Woods, Scott Depot, West Virginia ("the Real Property"). The Real Property is Ms. Hopkins' residence.

4. On December 12, 2013, the Note was transferred to 21st Mortgage.

5. Ms. Hopkins fell behind on payments in 2016, and 21st Mortgage conducted a foreclosure sale in October 2016. 21st Mortgage was the successful bidder at the foreclosure sale and obtained legal title to the Real Property.

6. After obtaining legal title to the Real Property, 21st Mortgage sued Ms. Hopkins in Putnam County to obtain possession of the Real Property (the "Putnam County Lawsuit"). *See 21st Mortgage Corporation v. Marsha Lynne Hopkins*, Case No. CC-40-2019-C-236.

7. On November 30, 2020, during the pendency of the Putnam County Lawsuit and before Ms. Hopkins filed her bankruptcy petition, 21st Mortgage and Ms. Hopkins entered into an agreed order providing that 21st Mortgage would rescind that foreclosure and reinstate Ms. Hopkins' home loan, including capitalizing the outstanding arrears, if Ms. Hopkins would do all of the following:

   a. immediately pay the sum of $3,386.37 to 21st Mortgage;

   b. cooperate to obtain insurance covering the Real Property;

   c. "make 10 monthly payments directly to 21st Mortgage in the amount of $902.24 per month, with the first such payment due on December 20, 2020, and the 9 subsequent monthly payments due on the 20th day of each successive month thereafter through September 20, 2021."

*See* Motion, Exh. B (the "11/30/2020 Agreed Order").

8. The 11/30/2020 Agreed Order was prepared by 21st Mortgage and was reviewed and agreed to by counsel for Ms. Hopkins.

9. The 11/30/2020 Agreed Order also stayed the Putnam County Lawsuit for twelve (12) months from the date of its entry.

10. As recorded in Judge Stowers' subsequent April 19, 2021 *Order Denying [21st Mortgage]'s Motion to Lift Stay* (*see* Motion, Exh. C (the "4/19/2021 Order")), Ms. Hopkins failed to make the payments contemplated in the 11/30/2020 Agreed Order because she had

intended to make the payments with funds withdrawn from her Thrift Savings Plan, but she experienced delays withdrawing that money. Ms. Hopkins provided a copy of her application to withdraw those funds and her hardship request for expedited withdrawal.

11. The 4/19/2021 Order made clear that the 11/20/2020 Agreed Order had stayed the Putnam County Lawsuit "for a period of twelve months to allow for the parties to meet their obligations under the [11/20/2020] Agreed Order." *See* Motion, Exh. C. For that reason, the Putnam County Circuit Court denied 21st Mortgage's Motion to Lift Stay and ordered Ms. Hopkins to make a payment of $3,386.37 "within ten days of her *receipt* of the requested funds from her Thrift Savings Account." *See* Motion, Exh. C (emphasis added).

12. On April 16, 2021, 21st Mortgage renewed its Motion to Lift Stay on the Putnam County Lawsuit so it could proceed with repossession of the Real Property. On April 20, 2021, the Putnam County Circuit Court entered an *Order Denying [21st Mortgage]'s Renewed Motion to Lift Stay*, directing Ms. Hopkins "to make all other payments owed to [21st Mortgage] pursuant to the Agreed Order Staying Case and Order Denying Plaintiff's Motion to Lift Stay previously entered by this Court." *See* Motion, Exh. D. Furthermore, the Court ordered Ms. Hopkins to make a payment before May 1, 2021, in the amount of $902.24.

13. Ms. Hopkins made that payment on April 29, 2021, according to 21st Mortgage's Proof of Claim (the "Proof of Claim").

14. Ms. Hopkins continued to have difficulty obtaining funds from her Thrift Savings Account, and 21st Mortgage filed a Second Renewed Motion to Lift Stay. The Putnam County Circuit Court held a hearing on the Second Renewed Motion to Lift Stay on October 15, 2021. On October 27, 2021, the Putnam County Circuit Court entered an Order finding that Ms. Hopkins failed to make payments for the months of July, August, and September 2021 that were

owed under the 11/30/2020 Agreed Order.  *See* Motion, Exh. E (the "10/27/2021 Order").  The 10/27/2021 Order required that, on or before November 15, 2021, Ms. Hopkins must pay 21st Mortgage $3,608.96, which includes amounts owed for October 2021.  *See* Motion, Exh. E.  Ms. Hopkins was also ordered to continue paying $902.24 each month, and to pay 21st Mortgage its November payment on November 20, 2021.  Failure to make either payment in November would result in the entry of "an Order granting possession of the real estate located at 131 Barrington Woods, Scott Depot, West Virginia within twenty (20) days."  *See* Motion, Exh. E.

15.    According to 21st Mortgage's proof of claim, Ms. Hopkins made the $3,608.94 payment on November 18, 2021, and made a payment of $902.43 on November 29, 2021.

16.    As required by the 10/27/2021 Order, Ms. Hopkins continued to make monthly payments every month from November 18, 2021 until she filed her bankruptcy case on October 28, 2022, when the Chapter 13 Trustee assumed responsibility for payments under the Chapter 13 Plan.

17.    Despite receipt of these payments, 21st Mortgage applied to the Supreme Court of Appeals of West Virginia for a writ of mandamus to direct the Circuit Court to grant 21st Mortgage possession of Ms. Hopkins' home on the basis that she had not made the required lump sum payment under the agreement.  Ms. Hopkins sought bankruptcy relief because of 21st Mortgage's application for writ of mandamus.

18.    Ms. Hopkins' Chapter 13 bankruptcy plan, Case No. 3:22-bk-30260 [dkt, 94] seeks to assume and cure her pre-petition executory contract with 21st Mortgage.

19.    According to the *Statement of the Chapter 13 Trustee in Response to Court's Order of November 21, 2023* [dkt. 42], Ms. Hopkins is current on her Chapter 13 plan

payments, and a total of $9,022.40 has been disbursed to 21st Mortgage Corporation since November 2022.

20. From the date of the 10/27/2021 Order to the date of the Chapter 13 Trustee's Report, Ms. Hopkins made approximately 23 payments to 21st Mortgage, for a total of $23,458.79.

21. On February 10, 2023, Ms. Hopkins filed the above-captioned adversary proceeding.

22. Ms. Hopkins filed the Motion on July 18, 2023. She argues that she is entitled to summary judgment because (1) there is no dispute that the 11/30/2020 Agreed Order is a contract and (2) the 11/30/2020 Agreed Order, as modified and interpreted by subsequent orders of the Circuit Court, is an executory contract because both parties still owe duties of performance thereunder.

23. On August 8, 2023, 21st Mortgage filed its Cross Motion arguing that it is entitled to summary judgment because a written settlement agreement never existed. Under W.Va. Code § 55-1-1, any settlement agreement is "required to be in writing and signed by the parties in order to be enforced." According to 21st Mortgage, a valid contract does not exist because the settlement was not "perfected" in this manner. Alternatively, 21st Mortgage argues that even if an executory contract exists, it is unenforceable because mortgage loans and judicial orders are not executory contracts. *See In re Bennett Enters*, 628 B.R. 481, 487 (Bankr. D.N.J. 2021); *see also N. Am. Dealer Grp., Inc.*, 16 B.R. 996, 1000 (Bankr. E.D.N.Y. 1982).

24. On August 29, 2023, Ms. Hopkins filed a Response arguing that there was never a finding of breach in the Circuit Court of Putnam County and that the rationale behind an

executory contract is to "curtail the injured party's termination rights and replace them with a monetary remedy—mainly the curing of past default(s)."

25. At the Hearing, counsel for 21st Mortgage argued that the 11/30/2020 Agreed Order was breached, and therefore cannot be reaffirmed. 21st Mortgage further argued that each subsequent Order issued by the Putnam County Circuit Court that modified or interpreted the 11/30/2020 Agreed order was a modification of the contract to which 21st Mortgage did not consent. Now, 21st Mortgage claims, there is "not currently a mortgage loan on the property." Rather, 21st Mortgage is "a de facto landlord receiving rental payments for someone who does not have a right of possession to the property."

26. At the Hearing, the Court inquired whether 21st Mortgage wanted the property more than the payments that they are receiving in the bankruptcy. Counsel responded, "Yes, it is the principle of the thing," and "21st Mortgage would rather have the property."

27. Additionally, the Court inquired how much 21st Mortgage had received since the 10/27/2021 Order issued by Judge Stowers. Counsel for 21st Mortgage was uncertain and guessed that they had received $900.00, when in fact the Debtor has paid approximately $23,458.79 since October 2021.

28. With the briefing complete, the Court took this matter under advisement. This matter is ripe for adjudication.

## II.    ANALYSIS

29. Federal Rule of Civil Procedure 56, made applicable to this adversary proceeding by Federal Rule of Bankruptcy 7056, provides that summary judgment is proper where

"the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056.

30. "When faced with cross motions for summary judgment, the court must review each motion separately on its own merits 'to determine whether either of the parties deserves judgment as a matter of law.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (citing *Philip Morris Inc. v. Harshbarger*, 122 F.3d 58, 62 n.4 (1st Cir. 1997)). "When considering each individual motion, the court must take care to 'resolve all factual disputes and any competing, rational inferences in the light most favorable' to the party opposing the motion." *Rossignol*, 316 F.3d at 523 (citing *Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir. 1996)).

31. Ms. Hopkins asserts that she is entitled to summary judgment because the 11/30/2020 Agreed Order, as subsequently interpreted and modified by orders of the Putnam County Circuit Court, is an executory contract that she is entitled to assume in her bankruptcy case.

32. Section 365(a) of the Bankruptcy Code governs the treatment of executory contracts, but since the term "executory contract" is not defined in the Bankruptcy Code, the Fourth Circuit has adopted the following definition proposed by Professor Vern Countryman:

> [a contract] under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete the performance would constitute a material breach excusing the performance of the other.

*Gloria Mfg. Corp. v. Int'l Ladies' Garment Workers' Union*, 734 F.2d 1020, 1022 (4th Cir. 1984) (quoting Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn. L. Rev. 439, 460 (1973)).

33. For a debtor to assume an executory contract, they must cure all existing defaults (or provide adequate assurance of a cure), essentially placing the contract in the same place as if the bankruptcy did not happen. *See* 11 U.S.C. § 365(b). The rationale is motivated by

fairness to the nonbankrupt counterparty where assumption of the contract allows the debtor to "force others to continue to do business with it when the bankruptcy filing might otherwise make them reluctant to do so." *COR Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d 373, 382 (2d Cir. 2008) (internal citations omitted).

34. A contract is not executory unless both sides have ongoing obligations to perform. The petition date is a crucial factor in deciding whether a contract is executory. *RCI Tech. Corp. v. Sunterra Corp. (In re Sunterra Corp.)*, 361 F.3d 257, 264 n.4 (4th Cir. 2004); *see, e.g., In re Columbia Gas Sys. Inc.*, 50 F.3d 233, 240 (3d Cir. 1995).

35. Mortgage loans and judicial orders are generally not considered to be executory contracts. *See In re Bennett Enters.*, 628 B.R. 481, 491 (Bankr. D.N.J. 2021) (holding that a judicial order cannot be rejected as an executory contract); *N. Am. Dealer Grp., Inc.*, 16 B.R. 996, 1000 (Bankr. E.D.N.Y. 1982) (holding that a mortgage is not an executory contract)). However, a consent decree like the 11/30/2020 Agreed Order can be considered to be an executory contract. *See, e.g., In re Columbia Gas Sys.*, 146 B.R. 106, 113–14 (D. Del. 1992).

36. Ms. Hopkins argues that the 11/30/2020 Agreed Order, as interpreted by subsequent orders of the Circuit Court, is an assumable executory contract with performance remaining on both sides:

> Both parties still have performance remaining to complete the contract—Plaintiff must make the lump sum payment and any remaining monthly payments and Defendant must rescind the foreclosure sale, reinstate the loan and deed of trust and modify the loan to put any remaining arrears on the end of the loan upon Plaintiff's performance.

*See* Motion [dkt. 22] at 5.

37. 21st Mortgage argues that the 11/30/2020 Agreed Order is not an executory contract for three reasons, which the Court will address in turn.

9

38. *First*, the Defendant argues that the Plaintiff has no legal interest in the Real Property. Thus, the Real Property is not an asset of her bankruptcy estate.

39. 21st Mortgage's argument ignores the expansive definition of "property of the estate" set forth in Section 541 of the Bankruptcy Code, which includes "all legal or equitable interests of the debtor in property as of the commencement of the case . . . ."

40. As most law students learn in their first year of law school, property rights are a "bundle of sticks" or a collection of individual legal rights. Possessory interests and legal title are separate "sticks" in this bundle, and while 21st Mortgage may have held legal title for some time, Ms. Hopkins has held the right of possession at all relevant times, despite efforts by 21st Mortgage to take it from her.

41. Ms. Hopkins' possessory interests in the Real Property are an asset of her estate. 21st Mortgage's repeated claims that it has a landlord/tenant relationship with Ms. Hopkins are effectively an admission of Ms. Hopkins' possessory rights to the Real Property. However, 21st Mortgage's proof of claim filed in this bankruptcy case clearly describes its claim as a "Mortgage/Note" and *not* a lease. 21st Mortgage's claim asserts that, on the Petition Date, there was a mortgage arrearage of $40,391.41 and an outstanding balance of $148,287.77. *See* Proof of Claim 2-1.

42. Therefore, the Court finds that Ms. Hopkins clearly holds possessory rights to the Real Property that are an asset of her bankruptcy estate.

43. *Second*, 21st Mortgage insists that there was never a written settlement agreement between the parties because settlement agreements are required to be in writing pursuant to the Statue of Frauds (W.Va. Code § 55-1-1).

44. The Court is thoroughly confused about this argument.

10

45. It is unclear whether the statute of frauds applies to settlement agreements, and based on the plain language of the statute, there is no such requirement. *See Ashley v. Bevacqua*, No. 21-0803, 2022 WL 9925206, at *3 (W. Va. Oct. 17, 2022) (West Virginia Supreme Court of Appeals noting that it has not been decided whether the Statute of Frauds applies to settlement agreements).

46. More importantly, 21st Mortgage has already admitted on the record that the 11/30/2020 Agreed Order *is* a settlement agreement and an executory contract in its Motion to Dismiss [dkt. 5 at 2]. Judicial admission is an exception to the statute of frauds, rendering it inoperative. *Timberlake v. Heflin*, 379 S.E.2d 149, 153 (W. Va. 1989).

47. Additionally, the settlement agreement *was* memorialized in a written Proposed Agreed Order, electronically signed by both parties' counsel, submitted to the Putnam County Circuit Court for entry, and it was ultimately signed and entered by Judge Stowers. Counsel for 21st Mortgage, when questioned at the Hearing, admitted that 21st Mortgage's counsel prepared and signed the 11/30/2020 Agreed Order. It is unclear what component of this process could possibly run afoul of the statute of frauds.

48. *Finally*, 21st Mortgage contends that Ms. Hopkins' untimely performance under the 11/30/2020 Agreed Order constitutes a breach, and because of that breach, 21st Mortgage is released of all duties to perform, making the contract non-executory.

49. During oral argument at the Hearing, 21st Mortgage claimed that Ms. Hopkins "never complied" with the 11/30/2020 Agreed Order or any subsequent order of the Circuit Court, and any subsequent payments she made were being accepted as mere "rent." 21st Mortgage also accused Ms. Hopkins of inappropriate "forum shopping" by filing her bankruptcy case to stop their application to the Supreme Court of Appeals for mandamus to force the Circuit

Court to evict her from her home. 21st Mortgage confusingly argued at hearing that the Circuit Court is the proper forum for this dispute, while simultaneously admitting that they had to seek a mandamus from the Supreme Court of Appeals because the Circuit Court has refused to grant the relief to which it believes it is entitled due to Ms. Hopkins' "nonperformance." When questioned, counsel for 21st Mortgage did not know how much Ms. Hopkins had paid to 21st Mortgage since entry of the 11/30/2020 Agreed Order, guessing that she had paid about $900.

50. The crux of 21st Mortgage's argument—that, even if the 11/30/2020 Agreed Order were an executory contract, Ms. Hopkins cannot assume it because of her breach—is unavailing. To clarify, 21st Mortgage never argued in its written submissions or oral argument that the 11/30/2020 Agreed Order was terminated prior to the Petition Date. It argues only that Ms. Hopkins' breach of the 11/30/2020 Agreed Order released 21st Mortgage from its reciprocal duties of performance.

51. 21st Mortgage's argument is inconsistent with the plain text of Section 365 of the Bankruptcy Code, which permits debtors to assume executory contracts provided that monetary breaches are cured at the time of the assumption. Debtors routinely assume executory contracts under Section 365 by curing monetary defaults (*i.e.,* breaches) of the contract. Stated differently, prepetition breach of an executory contract is the norm, not an obstacle to assumption. *See* 8 COLLIER ON BANKRUPTCY ¶ 365.06 [2] (16th ed. 2023).

52. Bankruptcy courts are "courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process." *Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.)*, 352 F.3d 671, 680–81 (2d Cir. 2003) (Straub, J., concurring) (internal citations omitted). Bankruptcy courts have broad authority to alter the creditor-relationship pursuant to 11 U.S.C. § 105(a) in a manner consistent with the Bankruptcy

Code. *See, e.g., U.S. v. Energy Res. Co.*, 495 U.S. 545, 549 (1990). *See also Am. United Mut. Life Ins. Co. v. Avon Park*, 311 U.S. 138, 145 (1940).

53. This court of equity agrees with Ms. Hopkins that the 11/30/2020 Agreed Order, as interpreted and modified by subsequent orders of the Circuit Court, is an executory contract under which both parties owe continuing duties of performance. 21st Mortgage prepared this contract, and it was signed by both parties' counsel before being entered as a consent order by the Circuit Court. The Circuit Court's subsequent modifications and interpretations of the 11/30/2020 Agreed Order were minor and consistent with the spirit of the bargain that the parties struck. Ms. Hopkins was required to make a lump sum payment and ongoing monthly payments in exchange for rescission of the foreclosure and reinstatement of her loan. She has, and continues to, perform her side of the bargain in good faith, despite some initial delays in performance caused by unexpected difficulties withdrawing funds from her Thrift Savings Plan. 21st Mortgage is receiving the benefit of the bargain it made, and it should likewise be held to its end of the deal.

54. 21st Mortgage's concept of the equities at play are quite different than viewed by this Court. Despite 21st Mortgage's willful ignorance of Ms. Hopkins' payment history, she has made at least 23 timely monthly payments totaling approximately $23,458.79 in the past two years. She is well on her way to curing her mortgage arrearage through her Chapter 13 Plan. Yet, 21st Mortgage's counsel desires to evict her from her home based on "the principle of the thing" and a misplaced belief that she has paid only $900.00. The discrepancy between 21st Century's working assumptions and reality are substantial, and it would be patently inequitable for the Court to adopt 21st Century's view of Ms. Hopkins' cure payments as mere "rent." Ms. Hopkins is current on her plan payments and has certainly provided adequate assurance to assume the contract.

55. Therefore, Ms. Hopkins may assume and cure this executory contract in her Chapter 13 Plan. She is also entitled to enforce her rights under the executory contract in this case, including rescission of the foreclosure sale, reinstatement of the loan and deed, and modification of the loan.

### III.    CONCLUSION

56. Ms. Hopkins is entitled to summary judgment because the 11/30/2020 Agreed Order, as subsequently interpreted by orders of the Circuit Court, is an executory contract between her and 21st Mortgage that she is entitled to assume, cure, and enforce in this bankruptcy case. In fact, the undisputed record reflects that the Debtor has paid over $23,000 in monthly payments since the 11/30/2020 Agreed Order was initially entered, and therefore, she is entitled to rescission of the foreclosure sale and reinstatement of her loan and deed of trust. There are no genuine issues of material fact that remain for the factfinder.

Accordingly, it is hereby **ORDERED** that:

1. The Plaintiff's Motion is hereby **GRANTED**.

2. The Defendant's Cross Motion is hereby **DENIED**.

3. The Court **DECLARES** that the 11/30/2020 Agreed Order, as interpreted by subsequent order of the Circuit Court, is a valid executory contract that Ms. Hopkins has properly assumed in her Chapter 13 Plan pursuant to Section 365 of the Bankruptcy Code.

4. The Court **FURTHER ORDERS** that 21st Mortgage shall, within 30 days of entry of this order, fulfill its obligations under the 11/30/2020 Agreed Order by rescinding the foreclosure sale, reinstating Ms. Hopkins' loan and deed of trust, and modifying her loan such that any remaining arrears are added to the end of the loan such that her loan term may extend but her monthly payment obligations will remain the same.

5. The trial scheduled for January 25, 2024 in this Adversary Proceeding is **CANCELLED**.

**It is so ORDERED.**